```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
GEORG NEUMANN GMBH,

            Plaintiff,              MEMORANDUM & ORDER

    - against -                     No. 23-cv-5808 (KAM)(LB)

GOTOTOOLZ, LTD. et al.

            Defendants.
-----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Georg Neumann GmbH moves for default judgment against Defendants GoToToolz Ltd. and Anton Vynohradov a/k/a Ian Davidson for failing to timely answer or otherwise respond to Plaintiff's Summons and Complaint alleging various statutory and common law trademark and unfair competition claims. (ECF No. 17, GoToToolz Mot. Def. J.; ECF No. 22, Vynohradov Mot. Def. J.; *see also* ECF No. 11, Am. Compl.) For the reasons below, the Court denies Plaintiff's motions against both Defendants without prejudice.

## Background

### I. Factual Background

Plaintiff is a German limited liability company that, for "more than 70 years," "has designed, manufactured, produced, distributed and sold legendary microphones used by professionals

for studio and live sound applications." (ECF No. 11, Am. Compl. ¶¶ 2, 10.) Plaintiff alleges that it "adopted, applied and continuously used the trademark NEUMANN® in conjunction with microphones" since at least as early as 1959. (*Id.* ¶ 11.) Plaintiff alleges that its microphones and related products "under the famous Neumann Marks" have achieved "considerable goodwill and fame in the United States and abroad[.]" (*Id.* ¶ 24.) Indeed, Plaintiff alleges that its microphones "have been used by countless artists, producers, and sound engineers over the decades," including by artists such as "the Beatles, Michael Jackson, Stevie Wonder, John Lennon, Beyoncé, Amy Winehouse, Ray Charles, the Rolling Stones, Bruno Mars and Marvin Gaye" and for "record[ing] many iconic recordings, such as Bohemian Rhapsody, Imagine, Hey Jude, [and] What's Going On[.]" (*Id.* ¶¶ 13-14.) Defendant GoToToolz Ltd. ("GoToToolz") is a New York corporation "owned and/or controlled by" Defendant Anton Vynohradov a/k/a Ian Davidson, who has allegedly "personally and actively directed the activities of GoToToolz." (*Id.* ¶¶ 3-6.)

In sum, Plaintiff alleges that GoToToolz and Anton Vynohradov (collectively, "the Defendants") "produce, advertise, market, offer for sale, and sell counterfeit knock-off microphones while displaying photographs of genuine NEUMANN® microphones[.]" (*Id.* ¶ 38.) Plaintiff alleges that the counterfeit knock-off microphones "are identical (or nearly identical) to Plaintiff's Trade Dress []

2

and bear infringing marks, including the Neumann Marks and/or confusingly similar variations thereof." (*Id.* ¶ 36.) Accordingly, Plaintiff brings claims of trademark infringement under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); common law trademark infringement; trademark counterfeiting under 15 U.S.C. § 1114(1)(b); trade dress infringement under 15 U.S.C. § 1125(a); false representation of origin under 15 U.S.C. § 1125(a); unfair competition under 15 U.S.C. § 1125(a) and New York common law; and trademark dilution under 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. L. §360-1 against both Defendants. (*Id.* ¶ 1.)

**II. Procedural Background**

Plaintiff filed its Complaint against GoToToolz and Ian Davidson on July 31, 2023. (ECF No. 1.) On August 22, 2023, Plaintiff served the Summons and Complaint upon GoToToolz by serving the clerk authorized to accept service on behalf of the New York State Department of State, pursuant to Business Corporation Law § 306. (ECF No. 9, GoToToolz Aff. of Serv.) GoToToolz failed to timely respond.

On October 11, 2023, Plaintiff moved for leave to amend the Complaint to include Anton Vynohradov as a defendant after Plaintiff discovered that the previously named defendant, Ian Davidson, was Anton Vynohradov's alias. (ECF No. 10-1, Mem. for Leave to Amend at 1.) Magistrate Judge Bloom granted leave, and

3

Plaintiff filed its Amended Complaint on October 16, 2023. (ECF No. 11, Am. Compl.) Plaintiff did not re-serve the Amended Complaint upon GoToToolz.[1]

On October 20, 2023, Plaintiff requested entry of default as to GoToToolz (ECF No. 13, GoToToolz Req. for Cert. of Def.) On November 3, 2023, the Clerk of Court entered the default as to GoToToolz. (ECF No. 15, GoToToolz Default Entry.) On December 11, 2023, Plaintiff moved for default judgment as to GoToToolz. (ECF No. 17, GoToToolz Mot. Def. J.)

On December 12, 2023, Judge Bloom granted Plaintiff's motion to serve defendant Anton Vynohradov by alternative service, specifically by email, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 4(e) and NY CPLR § 308(5). (ECF No. 18, Order on Alt. Service.) Plaintiff served Mr. Vynohradov with the Summons

---

[1] Plaintiff was not required to re-serve the Amended Complaint upon GoToToolz pursuant to Federal Rule of Civil Procedure 5(a)(2), which "contains an exception that '[n]o service is required on a party who is in default for failing to appear,' unless the document is a pleading containing new claims against that party." *Allstate Ins. Co. v. Yadgarov*, No. 11-CV-6187 (PKC) (VMS), 2014 WL 860019, at *6 (E.D.N.Y. Mar. 5, 2014) (quoting Fed. R. Civ. P. 5(a)(2)); *see also De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013) (noting that because "there is no dispute that [defendant] was in default at the time [plaintiff] filed her amended pleading," and where "the amended complaint did not assert any new claims against [defendant]" but "merely clarified the basis for [defendant's] liability," defendant "was therefore not entitled to service under Rule 5"). "For the purposes of FRCP 5(a)(2), a party has failed to appear if it does not appear within the time proscribed [sic] for answering or otherwise responding to the complaint; no entry of default by the clerk is required." *Allstate Ins. Co.*, No. 11-CV-6187 (PKC) (VMS), 2014 WL 860019, at *6. Because Plaintiff's Amended Complaint "contains no new claims against Defendant GoToToolz and merely clarifies the identity of Defendant Anton Vynohradov a/k/a Ian Davidson," Plaintiff here was not required to re-serve Defendant GoToToolz. (ECF No. 17-1, Mem. Def. J. at 9.)

4

and Complaint by email on December 19, 2023. (ECF No. 19, Vynohradov Cert. of Serv.) After Mr. Vynohradov failed to timely respond, Plaintiff requested entry of default, and the Clerk of Court entered default as to Mr. Vynohradov on April 1, 2024. (ECF No. 21, Vynohradov Default Entry.) On April 25, 2024, Plaintiff moved for default judgment as to Mr. Vynohradov. (ECF No. 22, Vynohradov Mot. Def. J.)

## **Legal Standard**

Fed. R. Civ. P. 55 governs the two-step process by which a plaintiff may obtain a default judgment against a defendant who fails to answer or otherwise respond to the complaint. First, when the defendant fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk of court enters the defendant's default. Fed. R. Civ. P. 55(a). The plaintiff may then move the court to enter a default judgment against the defendant. Fed. R. Civ. P. 55(b). "Before entering a default judgment, the court must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all required procedural steps in moving for a default judgment, and (3) the plaintiff's allegations establish the defendant's liability as a matter of law." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474 (KAM) (ST), 2024 WL 219092, at *2 (E.D.N.Y. Jan. 22, 2024).

5

**Discussion**

**I. Plaintiff's Motion as to Mr. Vynohradov Fails to Comply with the Servicemembers Civil Relief Act**

Section 3931 of the Servicemembers Civil Relief Act ("the Act") restricts default judgments against individuals in active military service. 50 U.S.C. § 3931. The Act protects persons in active military service by requiring that a "court, before entering [a default] judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" "(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1)(A)-(B); *see also Uribe v. Nieves*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 (E.D.N.Y. Sept. 26, 2018) (noting that "[t]he purpose of the Act is to provide for the temporary suspension of judicial and other proceedings that may adversely affect the rights of servicemembers during their military service").

The required affidavit stating whether or not the defendant is in military service "must provide the specific facts necessary to support the conclusion stated, and may not be based on conclusory statements or on 'information and belief.'" *Uribe*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1; *see also Gustavia*

6

*Home, LLC v. Derby*, 16-CV-4260 (ENV), 2017 WL 9989600, at *2 (E.D.N.Y. May 16, 2017) (denying default judgment where plaintiff did not provide "any documentation to support its claim that [the defendant] is not in the military, nor do its motion papers offer any hint that it undertook an investigation into his military status"); *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012) ("The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered." (quoting *Apex Mar. Co., Inc. v. Furniture, Inc.*, No. 11-CV-5365 (ENV)(RML), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012))). "The court lacks the power to excuse compliance with the statute." *Uribe*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1.

Here, the Affirmation of Michael Barer, counsel to Plaintiff, in support of its request for entry of default as to Mr. Vynohradov, fails to comply with the Act. Mr. Barer's affidavit states, in relevant part, only that "[t]o the best of my knowledge, defendant, Anton Vynohradov a/k/a Ian Davidson, is not an infant or incompetent, and, upon information and belief, the Servicemembers Civil Relief Act does not apply." (ECF No. 20-1, Barer Aff. ¶ 10.) Without more, this statement is insufficient to comply with the Act because it fails to "provide the specific facts

7

necessary to support the conclusion stated" and is improperly based on "conclusory statements or on 'information and belief[.]'" *Uribe*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1; *see also Gustavia Home, LLC*, 16-CV-4260 (ENV), 2017 WL 9989600, at *2. The statutory requirement is not a heavy burden; indeed, "[c]ertification, as to SCRA, of a defendant's military status can be obtained from the Department of Defense's Servicemembers Civil Relief Act website[.]" *Gustavia Home, LLC*, No. 16-CV-4260 (ENV), 2017 WL 9989600, at *1.

Failure to comply with the Act requires this Court to deny Plaintiff's motion for default judgment as to Mr. Vynohradov. *See Pruco Life Ins. Co. of New Jersey*, No. 12-CV-882 (ENV) (RML), 2012 WL 3062754, at *1 (denying default motion in part "for failure to provide a nonmilitary affidavit based on an investigation performed after the claimed default"); *see also Uribe*, No. 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1 ("The court lacks the power to excuse compliance with the [Act].").

**II. Plaintiff's Motions Fail to Follow Procedural Requirements**

"A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." *Century Surety Co. v. Atweek, Inc.,* 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018).

8

Local Civil Rule 55.2(b)[2] requires that where a party seeks judgment by default by applying to the Court as described in Fed. R. Civ. P. 55(b)(2), the party shall append to its application: (1) the Clerk's certificate of default; (2) a copy of the claim to which no response has been made; and (3) a proposed form of default judgment. Loc. Civ. R. 55.2(b). In turn, Local Civil Rule 55.2(c) requires that all materials submitted in connection with a motion for default judgment "pursuant to Local Civil Rule 55.2(a) or (b) [] shall simultaneously be mailed to the party against whom a default judgment is sought[.]" Loc. Civ. R. 55.2(c). Accordingly, the materials that a plaintiff must serve on the defaulting party include not only the motion and any supporting memoranda or declarations, but also the required items prescribed by 55.2(b): (1) the Clerk's certificate of default; (2) a copy of the claim to which no response has been made; and (3) a proposed form of default judgment. *See id.* "Proof of such mailing shall be filed with the court." *Id.*

"[F]ailure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment. Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking." *United States v. Hamilton*, 18-CV-2011 (ADS) (SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26,

---

[2] This Order applies the Local Civil Rules of the Eastern District of New York as stated prior to changes to the relevant local rules effective July 1, 2024.

2019) (quotations and citation omitted), report and recommendation adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019); *see also, e.g., Santacruz v. Blok Chocolatier LLC,* 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2 (E.D.N.Y. June 23, 2021) ("Local Rule 55.2 is strictly construed, and failure to comply with the rule is alone a basis to deny the motion for default judgment."), report and recommendation adopted, 2021 WL 4340963 (E.D.N.Y. Sept. 23, 2021); *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253 (CBA)(CLP), 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (denying motion for default judgment for Plaintiff's noncompliance with Local Civil Rule 55.2(b) for failing to append the proper materials and with Local Civil Rule 55.2(c) for failing to mail required papers). Ultimately, service of papers comprising the full default judgment application "is conducive to both fairness and efficiency[.]" Committee Note, Loc. Civ. R. 55.2.

A. Application of Local Civil Rule 55.2 to Motion for Default Judgment as to GoToToolz

Plaintiff filed its Motion for Default Judgment as to GoToToolz on December 11, 2023. (ECF No. 17, GoToToolz Mot. Def. J.) However, Plaintiff failed to append to its application the required items explicitly noted in Local Civil Rule 55.2(b), namely: "the Clerk's certificate of default"; "a copy of the claim to which no response has been made"; and "a proposed form of default judgment." Loc. Civ. R. 55.2(b)(1)-(3); (*see generally* ECF

10

No. 17, GoToToolz Mot. Def. J.) Further, Plaintiff includes an affidavit of service declaring that Plaintiff served upon GoToToolz's registered agent copies of the "Motion for Default Judgment, Memorandum in Support of Plaintiff's Motion for Default Judgment, and Affirmation of Michael Barer[.]" (ECF No. 17-3, GoToToolz Aff. of Serv.) However, Plaintiff failed to include in its mailing copies of the Clerk's certificate of default, the claim to which no response has been made, and a proposed form of default judgment, as required by a combination of Local Civil Rule 55.2(b) and 55.2(c). These procedural deficiencies are fatal to Plaintiff's motion for default judgment as to GoToToolz. *See Santacruz,* 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2; *Assets Recovery Ctr. Invs., LLC*, No. 13-CV-253 (CBA)(CLP), 2015 WL 13741871, at *7.

Given that Plaintiff's motion for default judgment as to GoToToolz suffers from various procedural deficiencies, this Court must deny the motion. *See Century Surety Co.,* 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1; *Hamilton*, 2019 WL 6830318, at *2.

B. Application of Local Civil Rule 55.2 to Motion for Default Judgment as to Anton Vynohradov

Plaintiff filed its Motion for Default Judgment as to Anton Vynohradov on April 25, 2024. (ECF No. 22, Vynohradov Mot. Def. J.) However, in addition to its failure to comply with the Servicemembers Civil Relief Act, the Plaintiff repeats the

11

procedural errors made in its motion for default judgment as to GoToToolz. In its motion for default judgment as to Mr. Vynohradov, Plaintiff again failed to append to its application "the Clerk's certificate of default"; "a copy of the claim to which no response has been made"; and "a proposed form of default judgment." Loc. Civ. R. 55.2(b)(1)-(3); (*see generally* ECF No. 22, Vynohradov Mot. Def. J.)

As above, Plaintiff includes an affidavit of service declaring that Plaintiff served Mr. Vynohradov copies of the "Motion for Default Judgment, Memorandum in Support of Plaintiff's Motion for Default Judgment, and Affirmation of Michael Barer[.]" (ECF No. 22-3, Vynohradov Aff. of Serv.) Plaintiff, however, failed to mail copies of the Clerk's certificate of default, the claim to which no response has been made, and a proposed form of default judgment, as required by Local Civil Rules 55.2(b) and 55.2(c). As with the motion for default for GoToToolz, the procedural deficiencies here are fatal to Plaintiff's motion for default judgment as to Mr. Vynohradov. *See Santacruz,* 19-CV-544 (EK) (SJB), 2021 WL 4341103, at *2; *Assets Recovery Ctr. Invs., LLC*, No. 13-CV-253 (CBA)(CLP), 2015 WL 13741871, at *7. Therefore, the Court must deny the motion. *See Century Surety Co.,* 16-CV-335 (ENV) (PK), 2018 WL 10466835, at *1; *Hamilton*, 2019 WL 6830318, at *2.

12

## Conclusion

For the reasons above, Plaintiff's Motions for Default Judgment are respectfully DENIED without prejudice. Plaintiff may refile the motions for default judgment as to GoToToolz and Mr. Vynohradov by July 29, 2024. Plaintiff is advised that this Order may not contain an exhaustive recitation of the deficiencies in its moving papers. Accordingly, the Court cautions Plaintiff to re-examine all the rules and case law applicable to default judgment motions and to comply strictly with them.

Plaintiff is also ORDERED to serve a copy of this Memorandum and Order on GoToToolz and Mr. Vynohradov and note service on the docket by July 15, 2024.

**SO ORDERED.**

Dated:   July 9, 2024
         Brooklyn, New York

_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York