```
United States District Court
Eastern District of New York
```

------------------------------------X

Georg Neumann GmbH,

        Plaintiff,

  - against -

GoToToolz Ltd. et al,

        Defendants.

------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

No. 23-cv-05808 (KAM) (LB)

**Kiyo A. Matsumoto, United States District Judge:**

    Georg Neumann GmbH ("Plaintiff"), a German limited liability company that designs, manufactures, produces, and distributes microphones, moves for a default judgment against GoToToolz Ltd. and Anton Vynohradov a/k/a Ian Davidson (collectively, "Defendants") for failing to timely answer or otherwise respond to Plaintiff's Summons and Amended Complaint alleging statutory and common law trademark and unfair competition claims. (ECF Nos. 25 and 26.) Specifically, Plaintiff alleges that GoToToolz Ltd., along with Mr. Vynohradov - who allegedly owns and directs GoToToolz Ltd.'s activities - produce, advertise, market, and sell counterfeit microphones. (ECF No. 11 ¶ 38.) Plaintiff seeks judgment against Defendants jointly and severally for statutory damages, post-judgment interest, and injunctive relief.

    Plaintiff moved for default judgment against both Defendants

on December 11, 2023, and again on April 25, 2024. (ECF Nos. 17, 22.) The Court denied these motions without prejudice to renew based on procedural errors. (ECF No. 23.) On July 29, 2024, Plaintiff renewed its motions for default judgment as to both Defendants. (ECF Nos. 25, 26.) The Court referred the renewed default judgment motions to Magistrate Judge Bloom for a Report and Recommendation ("R&R"). (September 24, 2024 Order.) On November 25, 2024, Judge Bloom recommended granting Plaintiff's motions for default judgment seeking statutory damages, post-judgment interest, and permanent injunction against Defendants.

On November 26, 2024, Plaintiff filed an affidavit of service stating that Plaintiff served by certified mail a copy of the R&R on GoToToolz Ltd. at its last known business address and to its registered agent. (ECF No. 34.) Plaintiff also emailed the R&R to Defendant Vynohradov at the email addresses noted in the Court's order granting leave for alternate service (ECF No. 18), and served by certified mail a copy of the R&R to Mr. Vynohradov's last known residence, as well as to a probable alternate physical address. (ECF No. 34.) The R&R notified the parties of their rights to file written objections within fourteen days of its service, and that failure to file timely objections would waive further judicial review. (R&R at 22.) The deadline to object has expired, and no party filed objections.

In reviewing a report and recommendation, the Court "may

2

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). "Where no objection to a Report and Recommendation has been timely made, the district court need only satisfy itself that there is no clear error on the face of the record." *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (citation omitted).

After careful review of the record and Judge Bloom's thorough and well-reasoned R&R, the Court finds no clear error and thus adopts the R&R in its entirety, with minor additions, as the Court's opinion. *See* 28 U.S.C. § 636(b)(1). Specifically, the Court agrees that Plaintiff's allegations, taken as true, establish Plaintiff's Lanham Act and common law claims, and also establish its New York General Business Law claim.[1] The Court further notes that Plaintiff adheres to all applicable procedural rules.

The Court also agrees that the recommended relief is appropriate. The Court agrees that statutory damages under 15 U.S.C. § 1117(c) for use of counterfeit marks is appropriate, as Plaintiff's allegations demonstrate Defendants' use of counterfeit marks. The R&R highlights, *inter alia*, the "significant

---

[1] In Part III.a, "New York Trademark Dilution," the R&R refers to Count X, the Trademark Dilution claim under New York General Business Law § 360-1, as a claim for trademark infringement under New York common law, rather than under New York statutory law. The Court considers the reference to the claim under § 360-1 as a claim under New York common law to be a typographical error.

3

similarity" between Plaintiff's and Defendants' marks; that Defendants' microphones "are the same shape as plaintiff's microphones"; that Defendants "display photos of real NEUMANN® microphones on their website"; and that "defendant Vynohradov was quoted in an interview in which he compared his products to plaintiff's and said 'the size and color are the same' and '[i]t took years to make a mic body that looks identical.'" (R&R at 7-8, 10.)

Furthermore, Plaintiff alleges that the "Counterfeit Products are designed as exact (or nearly exact) copies of Plaintiff's products"; that they "display spurious designations that are identical with, or substantially indistinguishable from, Plaintiff's Neumann Marks and Trade Dress"; and that "Defendants produce, advertise, market, offer for sale, and sell counterfeit knock-off microphones that are identical (or nearly identical) to" Plaintiff's registered Trade Dress and bear infringing marks. (ECF No. 11. ¶¶ 36, 44, 56.) These allegations, taken as true, show that Defendants' marks are counterfeits warranting statutory damages pursuant to 15 U.S.C. § 1117(c). *See Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 95 & n.18 (2d Cir. 2020) (noting that per 15 U.S.C. § 1127, "[a] counterfeit is a 'spurious mark which is identical with, or substantially indistinguishable from, a registered mark,'" and "[a] 'spurious' mark, in turn, is one that is 'fake' and '[d]eceptively suggest[s] an erroneous

4

origin'" (internal citations and quotations omitted)); *Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 50 (S.D.N.Y. 2022) (finding default judgment warranted where plaintiff's "well-plead allegations establish that the trademarks deployed by the Defaulting Defendants are counterfeit as they are virtually indistinguishable from" plaintiff's marks); *Mattel, Inc. v. Agogo Store*, No. 21-cv-1507 (AJN) (SLC), 2022 WL 525698, at *7 (S.D.N.Y. Jan. 31, 2022) (finding allegations that, *inter alia*, defendants' products were "nearly indistinguishable" from plaintiff's products "sufficient to support the conclusion that the marks deployed by defaulting Defendants are counterfeits," warranting default judgment), *report and recommendation adopted*, No. 21-cv-1507 (AJN) (SLC), 2022 WL 524057 (S.D.N.Y. Feb. 22, 2022).

The Court further agrees that the $250,000 amount recommended as statutory damages is appropriate under 15 U.S.C. § 1117(c), based on $25,000 in statutory damages for each of the 10 counterfeit marks. As discussed in the R&R, § 1117(c) provides that a Plaintiff may recover a statutory award "per counterfeit mark per type of goods or services sold, offered for sale, or distributed." *Mattel, Inc. v. www.power-wheels-outlet.com*, No. 21-cv-8108 (PAE) (GWG), 2022 WL 2900763, at *2 (S.D.N.Y. July 22, 2022) (quoting § 1117(c)), *report and recommendation adopted*, No. 21-cv-8108 (PAE) (GWG), 2022 WL 3159317 (S.D.N.Y. Aug. 8, 2022).

5

Here, Plaintiff requested statutory damages of $500,000, arguing that Defendants counterfeited 10 of Plaintiff's registered trademarks or trade dress, and seeking $50,000 for each of ten counterfeited registered trademarks or trade dress. (*See* ECF Nos. 25-10, 26-10.)

The Court agrees with Judge Bloom's analysis of the factors relevant to determining appropriate statutory damages. Specifically, the Court agrees that $25,000 per counterfeit mark is appropriate, for example, to deter future violations but will not constitute a windfall. As Judge Bloom noted, courts in this circuit frequently award statutory damages per counterfeit mark in the range of $20,000-$50,000 where, as here, "defendants fail to appear and the Court has limited information as to the scope or circumstances of defendants' infringement." *Mattel Inc. v. www.power-wheels-outlet.com, et al.*, No. 21-cv-8108 (PAE) (GWG), 2022 WL 2900763, at *4 (S.D.N.Y. July 22, 2022) (internal quotation and citation omitted) (collecting cases); (*see* R&R at 20-21). Finally, the Court notes that Plaintiff has not objected to the recommended amount of statutory damages.

Plaintiff seeks default judgment against both defendants, which the Court will enter jointly and severally. Although not explicitly discussed in the R&R, joint and several liability against both Defendants is appropriate, as Plaintiff alleges Defendant Vynohradov "owned and/or controlled" GoToToolz Ltd. and

6

is "personally and actively direct[ing its] activities[.]" (ECF No. 11 ¶¶ 6, 38); *see Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, 176 F. Supp. 3d 137, 155, 169 (E.D.N.Y. 2016) (noting that "[i]n the Second Circuit, it is well-established that 'under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a moving, active[,] conscious force [behind the defendant corporation's] infringement," and finding corporate and individual defendants jointly and severally liable for statutory damages).

The Court further agrees that injunctive relief is appropriate. Specifically, the Court agrees with Judge Bloom that Plaintiff has shown (1) that it has suffered irreparable injury from damage to its brand and that Defendants continue to offer infringing counterfeit products; (2) the inadequacy of monetary damages from ongoing violations, and the threat of continuing violations, by Defendants who have ignored and failed to defend this lawsuit; (3) the balance of hardships tipping in Plaintiff's favor; and (4) that the public interest would not be disserved by a permanent injunction, as there is a public interest in protection from counterfeit products. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). The Court recognizes that Plaintiff has proposed language for such injunctive relief. (*See* ECF Nos. 25-11, 26-11.)

7

Accordingly, for the reasons above and in the R&R, and adopted in this Order, Plaintiff's motions for default judgment seeking joint and several damages, post-judgment interest, and a permanent injunction are granted. The Court awards Plaintiff $250,000 in statutory damages plus post-judgment interest. The Clerk of Court is further directed to enter a permanent injunction, pursuant to which Defendants and their officers, agents, servants, employees, assigns, attorneys, and those in active concert or participation therewith, are immediately and permanently enjoined from:

1. manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling, or otherwise offering for sale Counterfeit Products or any other products confusingly similar to Plaintiff's products, or that otherwise bear, contain, display, or utilize any of the Neumann Marks or Trade Dress, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Neumann Marks or Trade Dress;

2. making or employing any commercial use of the Neumann Marks or Trade Dress, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Neumann Marks or Trade Dress;

3. using any false designation of origin or false description or representation or any other thing calculated or likely to cause confusion or mistake in the mind of the trade or public or to

deceive the trade or public into believing that Defendants' products or activities are in any way sponsored, licensed or authorized by, or originate from, or affiliated or connected with Plaintiff;

4. doing any acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers or consumers or investors into the belief that the products or services promoted, offered, or sponsored by Defendants come from Plaintiff or its licensees, or are somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with Plaintiff;

5. moving, returning, or otherwise disposing of, in any manner, any Counterfeit Products or any other products confusingly similar to Plaintiff's products, or that otherwise bear, contain, display, or utilize any of Plaintiff's Neumann Marks or Trade Dress, any derivation or colorable imitation thereof, or any mark confusingly similar thereto or likely to dilute or detract from the Plaintiff's Neumann Marks;

6. secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe

9

Plaintiff's Neumann Marks or Trade Dress;

7. further diluting and infringing Plaintiff's Neumann Marks or Trade Dress and damaging Plaintiff's goodwill;

8. otherwise competing unfairly with Plaintiff in any manner relating to Plaintiff's marks, or any of Plaintiff's authorized licensees in any manner; and

9. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) through (8) above, or effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in subparagraphs (1) through (8) above.

Plaintiff is ordered to serve a copy of this Order on Defendants at their last known addresses and to file proof of service with the Court by January 10, 2025. The Clerk of Court is directed to enter a permanent injunction and judgment accordingly and to close this case.

**So ordered.**

Dated:   January 6, 2025
         Brooklyn, New York
                                         _____
                                         **Kiyo A. Matsumoto**
                                         United States District Judge
                                         Eastern District of New York